AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

UNITED STATES OF AMERICA
V.
PAUL HINKLEY

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:(S1)07-cr-791-01(LAK)

USM Number: 90037-054

Isabelle Kirshner, Esq. (212) 922-1080
Defendant's Attorney

**THE DEFENDANT:**

✓ pleaded guilty to count(s)   (S1)Two and (S1)Three

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2422(b) | Attempted Enticement of a Minor to Engage in Illegal Sexual Activity | 7/16/2007 | (S1)Two |
| 18 USC 2423(b) | Traveling in Interstate Commerce for the Purpose of Engaging in Illicit Sexual Contact | 7/16/2007 | (S1)Three |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
✓ Count(s)   (S1)1   ✓ is  ☐ are dismissed on the motion of the United States.
✓ Underlying Indictment(s)   dated 8/22/2007   ✓ is  ☐ are dismissed on the motion of the United States.
☐ Motion(s)                  ☐ is  ☐ are denied as moot.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Judgment   July 21, 2008

Signature of Judge

Hon. Lewis A. Kaplan, U.S.D.J.
Name and Title of Judge

Date   7/30/08

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/08

AO 245B   (Rev. 06/05) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page  2  of  6

DEFENDANT: PAUL HINKLEY
CASE NUMBER: 1:(S1)07-cr-791-01(LAK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

120 Months on each count, the terms to run concurrently.

The court makes the following recommendations to the Bureau of Prisons:

✓ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:     PAUL HINKLEY
CASE NUMBER:   1:(S1)07-cr-791-01(LAK)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    5 Years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

✓ The above drug testing condition is suspended, based on the court's determination that the defendant poses a future substance abuse. (Check, if applicable.)

✓ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case Case 1:07-cr-00791-LAK    Document 13    Filed 07/31/2008    Page 4 of 6
Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: PAUL HINKLEY
CASE NUMBER: 1:(S1)07-cr-791-01(LAK)

## SPECIAL CONDITIONS OF SUPERVISION

You shall undergo a sex offense specific evaluation and participate in a sex offender and/or mental health treatment program approved by the probation officer. You shall abide by all rules, requirements, and conditions of such program(s). You shall waive your right of confidentiality in any records relating to mental health assessment and treatment imposed as a consequence of this judgment to allow the probation officer to review your course of treatment and progress with the treatment provider. You shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on your ability to pay or the availability of third party payment.

You shall not have deliberate contact with any child under 17 years of age unless that contact is approved by the probation officer, who shall not withhold approval if such contact will be supervised by a responsible adult. You shall not loiter within 100 feet of schoolyards, playgrounds, arcades, or other places used primarily by children under the age of 17.

The defendant shall submit his person, residence, place of business, vehicle, and other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of his release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be ground for revocation of his supervised release. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

Unless otherwise provided by subsequent order of this Court, you shall not use a computer, Internet-capable device, or similar electronic device to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. You shall consent to the use and/or installation of hardware and software on any computer owned or controlled by you for the purpose of monitoring your use of the computer and the Internet, provided, however, that the hardware and software shall be used by the probation officer only to determine whether you have engaged in Suspect Computer Use. The term Suspect Computer Use is defined as the viewing, downloading, uploading, transmission or other use of images or content of a sexual nature.

The defendant shall report to the nearest probation office within 72 hours after he/she is released from custody

DEFENDANT: PAUL HINKLEY
CASE NUMBER: 1:(S1)07-cr-791-01(LAK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ $0.00 | $ $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

DEFENDANT:          PAUL HINKLEY
CASE NUMBER:        1:(S1)07-cr-791-01(LAK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ✓  Lump sum payment of $ __200__ due immediately, balance due

   ☐  not later than _____ , or
   ☐  in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.